779 So.2d 292 (1998)
In the Interest of K.W., a child.
T.R., Appellant,
v.
State of Florida, Department of Children and Families, Appellee.
No. 98-01399.
District Court of Appeal of Florida, Second District.
December 23, 1998.
*293 Terry Clifton Christian of Christian & Associates, P.A., Tampa, for Appellant.
Dyann Beaty of Department of Children and Families, Tampa for Appellee.
PER CURIAM.
T.R. appeals an order terminating her parental rights. Her court-appointed appellate counsel has moved to withdraw from further representation on the ground that counsel has discovered no arguable issue for appeal. Counsel asked this court to grant T.R. an opportunity to file a pro se brief. An order was mailed to T.R.'s last known address by this court, advising her that the case would be dismissed for failure to prosecute unless she filed a pro se brief within forty days of the order. Having received no response from T.R., we grant the motion to withdraw and dismiss this appeal for lack of prosecution.
As a matter of due process, an indigent parent who is a defendant in a parental termination proceeding is entitled to appointed counsel at both the trial and appellate level. See Fla. R. Juv.P. 8.515; §§ 39.473-74, Fla. Stat. (1997). On appeal, if appointed counsel is unable to identify in good faith an arguable issue, there has been some uncertainty about the steps that counsel and the court should take. We now align ourselves with the three Florida district courts which have spoken on the subject and we reject the necessity for Anders[1] treatment of parental termination appeals under these circumstances. See J.A. v. Department of Health & Rehab. Servs., 693 So.2d 723 (Fla. 5th DCA 1997); Jimenez v. Department of Health & *294 Rehab. Servs., 669 So.2d 340 (Fla. 3d DCA 1996); Ostrum v. Department of Health & Rehab. Servs., 663 So.2d 1359 (Fla. 4th DCA 1995). As such, we look to the pro se appellant to point out a litigable issue in these appeals, and decline to impose an obligation on this court to peruse the record for reversible error as we would in an Anders criminal appeal. Accordingly, we set forth herein the procedure we have followed in this appeal, and which we will follow in the future when counsel in a termination of parental rights case certifies an absence of arguable appellate issues.
If counsel for the parent, after a full review of the record and applicable case law, is unable to identify an arguable issue that can be presented in good faith on behalf of the parent, counsel shall file a motion to withdraw from further responsibility on the case which shall recite the necessity to so withdraw. In addition, the motion should provide (1) the last known address of the parent; (2) a statement that, if requested, counsel will assist the parent in obtaining the record; (3) a request that the parent be given forty days to file a pro se brief; and (4) a certificate of service upon all relevant parties, including the parent.[2]
Upon receipt of a sufficient motion to withdraw, this court will enter an order allowing the parent to file a pro se brief within a forty-day period and mail a copy of that order to the parent's last-known address. If a brief is received and it raises no preliminary basis for reversal, the appeal will be subject to summary affirmance pursuant to Florida Rule of Appellate Procedure 9.315. If a pro se brief is received and demonstrates a preliminary basis for reversal, this court will deny the motion to withdraw, order a supplemental brief by counsel for the parent, and proceed pursuant to the appellate rules.
If a brief is not received within the court-ordered time limitation, the appeal will be subject to dismissal for failure to prosecute and the motion to withdraw will be granted at the same time the appeal is dismissed. Here, T.R. did not file a pro se brief. Accordingly, the appeal is dismissed.
Appeal dismissed; motion to withdraw granted.
PATTERSON, A.C.J., and WHATLEY and NORTHCUTT, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), established the procedure in criminal appeals requiring counsel, after concluding that no legal claims merit advocacy, to point out issues in appellant's brief the reviewing court may wish to explore on its own, affording the appellant an opportunity to file a pro se brief, and obligating the appellate court to review the record on its own in search of error which might prompt a reversal.
[2] See Fla. R.App. P. 9.440(b).