663 So.2d 1359 (1995)
Leslie Wayne OSTRUM, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES OF the STATE OF FLORIDA, Appellee.
No. 94-2526.
District Court of Appeal of Florida, Fourth District.
November 22, 1995.
*1360 Catherine L. Roselli, Fort Lauderdale, for appellant.
Mary E. Easley, Fort Lauderdale, for appellee.

ON MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR APPELLANT
FARMER, Judge.
We grant the renewed motion of Catherine L. Roselli to withdraw as counsel for appellant and summarily affirm this appeal from a final order terminating appellant's parental rights. Under the circumstances, however, we take the time to explain what would ordinarily be a routine matter done without an opinion.
Appellant has been convicted of two counts of capital sexual battery on his own minor children and sentenced to two life terms, with minimum mandatory terms of 25 years on each count to run consecutively. Ostrum v. State, 638 So.2d 594 (Fla. 4th DCA 1994). The earliest date on which he could be released from prison is well after these children will reach their majority. Moreover, an express provision of his sentences requires that he have no contact with his children while he is serving his sentence.
The state department of Health and Rehabilitative Services (HRS) brought proceedings against appellant for the termination of his parental rights (TPR). Counsel was appointed to represent him. At the ultimate trial on the TPR proceeding, an HRS caseworker described the children's accounts of his sexual abuse. Certified copies of his convictions and sentences were offered into evidence. A guardian ad litem recommended termination. Appellant's counsel called no witnesses and posed no objections to the evidence from HRS. Appellant himself declined an opportunity to be present at the hearing.
*1361 Appellant's counsel on appeal has filed a motion to withdraw accompanied by an Anders brief. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). HRS, in turn, has filed a motion to dismiss the appeal, pointing to the Anders brief and this court's policy of deciding cases involving the interests of children as expeditiously as possible. Appellant's counsel suggests that the question whether Anders applies to TPR appeals is open to doubt and requests that this court establish a policy in that regard.
TPR cases are not criminal in nature. They are civil proceedings which happen to affect the substantial interests of the parents and children involved. Parents are entitled to appointed counsel at public expense in TPR proceedings. In the Interest of D.B., 385 So.2d 83, 90-1 (Fla. 1980) (due process clauses of U.S. and Florida constitutions require appointment of counsel for indigent parents when permanent termination of parental rights may result); see also § 39.465(1)(a), Fla. Stat. (1993) and Fla. R.Juv.P. 8.320. The right to counsel in Anders is based on the Sixth Amendment, but the right to counsel in TPR cases does not arise under the Sixth Amendment. D.B., 385 So.2d at 89 ("Right to counsel in dependency proceedings, on the other hand, is governed by due process considerations, rather than the sixth amendment.").
When a final order terminating parental rights has been entered, as in any civil case, the right to appeal is tempered by the record in the trial court: i.e. whether it contains any good faith possibilities for arguing error. If no error appears in good faith to appointed counsel, there does not appear any reason why counsel should not be able to seek permission to withdraw. The question is whether the full panoply of Anders procedures should attend the effort and further appellate consideration of the appeal.
We think not. Apart from the fact that TPR cases are purely civil in nature as to which the right to counsel is based not on the Sixth Amendment, and that parental rights may be ended for reasons other than criminal conduct, we think the interest of the children in quitting the uncertainties surrounding their future should be put to rest as soon as it can fairly be done. Hence we think it unnecessary to require the filing of a brief by counsel detailing the proceedings below with a discussion of where error might be suggested and why none actually appears. We similarly think it unnecessary for the three judge panel to give the full appellate consideration of the entire record below that Anders entails. In re Anders Briefs, 581 So.2d 149, 151 (Fla. 1991) (appellate court has responsibility to conduct full independent review of record to discover arguable issues apparent on face of record).
More importantly, however, Anders represents a radical departure from the traditional role of appellate judges as neutral decision makers without bias or prejudice for or against any party. Instead, it turns them into advocates for the party whose counsel seeks to withdraw. Whatever may be the rationale for requiring that departure from neutrality in criminal cases, we are quite unwilling to allow it in purely civil matters. To do so is to favor one class of litigants over the other. That circumstance will understandably be seen by other parties as a classic denial of equal protection of the law.
It will be enough for appellate counsel to file a motion seeking leave to withdraw as counsel for the parent whose rights have been terminated. As we do in all civil appeals where appellate counsel seeks leave to withdraw, we can then give the party a period of time in which to argue the case without an attorney. If the party then fails to file a brief within the time period granted for that purpose, we will conclude that the party no longer wishes to prosecute the appeal and dismiss for failure to prosecute. If the party has filed a brief, we will review the brief and if it fails to present a preliminary basis for reversal we will summarily affirm under rule 9.315. When we find that the party's brief presents a preliminary basis for reversal, the case will then proceed as any ordinary appeal.
In this case we gave appellant time to file his own initial brief. Having received a belated response from appellant, we grant the *1362 motion for leave to withdraw and summarily affirm.
POLEN and SHAHOOD, JJ., concur.