669 So.2d 340 (1996)
Nuris JIMENEZ, Appellant,
v.
The DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 95-1564.
District Court of Appeal of Florida, Third District.
March 13, 1996.
*341 Nuris Jimenez, in proper person.
Robin H. Green, for appellee.
Sidney L. Syna, for Guardian Ad Litem.
Before COPE, GERSTEN and GODERICH, JJ.
COPE, Judge.
The question before us is what procedure to follow when appointed appellate counsel in a termination of parental rights proceeding determines that there is no meritorious point to be argued on appeal.
The trial court entered a final order terminating the parental rights of Nuris Jimenez and a timely notice of appeal was filed. Jimenez had had appointed counsel during the trial proceedings, and counsel was appointed for an appeal.
In response to a motion to dismiss the appeal, Jimenez' counsel advised the court that she had reviewed the record and transcripts in the case and had determined that there was no meritorious basis for the appeal. Counsel also advised that she had been unable to locate Jimenez despite diligent effort.
This court finds persuasive Judge Farmer's opinion in Ostrum v. Department of Health and Rehabilitative Services, 663 So.2d 1359 (Fla. 4th DCA 1995). The Ostrum court concluded, and we agree, that the United States Supreme Court's decision in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), applies only to criminal appeals and does not apply to proceedings for the termination of parental rights. 663 So.2d at 1361.
The Ostrum court held that where appellate counsel finds that there is no meritorious basis for the appeal:
It will be enough for appellate counsel to file a motion seeking leave to withdraw as counsel for the parent whose rights have been terminated. As we do in all civil appeals where appellate counsel seeks leave to withdraw, we can then give the party a period of time in which to argue the case without an attorney. If the party then fails to file a brief within the time period granted for that purpose, we will conclude that the party no longer wishes to prosecute the appeal and dismiss for failure to prosecute. If the party has filed a brief, we will review the brief and if it fails to present a preliminary basis for reversal we will summarily affirm under rule 9.315. When we find that the party's brief presents a preliminary basis for reversal, the case will then proceed as any ordinary appeal.
Id. at 1361.
By way of further explanation, when appointed appellate counsel moves to withdraw because of the absence of a meritorious basis for appeal, we will initially withhold ruling on the motion to withdraw and allow the appellant an opportunity to file a brief. If the appellant files a brief which appears to show a meritorious basis for appeal, this *342 court will retain the discretion to deny the motion to withdraw and direct that appointed counsel proceed with the appeal.[1] We agree with the Fourth District that if the appellant fails to respond, then the appeal should be dismissed for failure to prosecute, and if the appellant files a response which fails to show a preliminary basis for reversal, then the judgment should be summarily affirmed under Florida Rule of Appellate Procedure 9.315.[2]
In this case we have treated Jimenez' counsel's response to the motion to dismiss as a motion for an order permitting withdrawal of counsel for appellant. An order was sent to Jimenez' last known address allowing thirty days for submission of a pro se initial brief. The order was returned undelivered and filed with the Clerk pursuant to Florida Rule of Appellate Procedure 9.420(c)(1).
In accordance with the procedure outlined in Ostrum, we dismiss the appeal for lack of prosecution.
Appeal dismissed.
NOTES
[1] This appears to be the approach taken in Ostrum. See 663 So.2d at 1361-62 (granting motion to withdraw after consideration of appellant's response.)
[2] In several prior termination of parental rights cases in this court, appellate counsel has followed the Anders procedure and has filed a motion to withdraw accompanied by an Anders brief. This court responded by following the remainder of the procedure prescribed by Anders. In light of Ostrum, we now decide that a full Anders proceeding is not necessary.