ON MOTION TO DISMISS

PER CURIAM.
In the initial brief filed by the appellant in this termination of parental rights case, appellant’s court-appointed counsel advised this *724 court that he had read the record and discovered no meritorious issues for appeal. He then requested the court to employ the procedure set forth in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh’g denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), pertaining to indigent appeals in criminal cases.
H.R.S. then filed a motion- to dismiss this appeal. Counsel for the appellant filed a response to the motion which we deem to be a motion to withdraw as counsel. Prior to issuing a ruling on the motion to dismiss, this court granted the appellant thirty days to file a pro se brief. The thirty-day time period has expired and the appellant has failed to file a brief or any other paper. Therefore, we dismiss this appeal due to the appellant’s failure to prosecute. In so ruling, we join the third and fourth districts in holding that it is not required that Anders procedures be followed in appeals from orders terminating parental rights. See Jimenez v. Department of Health and Rehabilitative Services, 669 So.2d 340 (Fla. 3d DCA 1996); Ostrum v. Department of Health and Rehabilitative Services, 663 So.2d 1359 (Fla. 4th DCA 1995).
Appeal DISMISSED.
PETERSON, C.J., and GOSHORN and ANTOON, JJ., concur.