PER CURIAM.
Gloria Pullen seeks review of an order authorizing her continued involuntary civil commitment under the Baker Act. In purported compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), her appointed counsel has filed an initial brief indicating that he *705 can discern no reversible error in the proceedings below. Despite being afforded the opportunity to do so, Ms. Pullen has not filed a pro se initial brief. Noting that neither Ms. Pullen nor her appointed counsel have identified any arguable issue of reversible error, the state has moved to dismiss this appeal, arguing that the An-ders procedure does not apply. We agree and dismiss the appeal accordingly.
In Ostrum v. Department of Health & Rehabilitative Services, 663 So.2d 1359 (Fla. 4th DCA 1995), the court addressed the question of whether the full panoply of Anders procedures should attend an appeal of an order of termination of parental rights (“TPR”). In so doing, the court noted that the procedures outlined in Anders are grounded on the Sixth Amendment right to counsel in criminal prosecutions, and concluded that because TPR cases are civil in nature and the right to counsel therein arises from due process considerations, Anders is not applicable. We reach the same conclusion with respect to Baker Act appeals. Like TPR cases, the right to counsel in -civil commitment cases arises not from the Sixth Amendment but rather from the due process clause. See Jones v. State, 611 So.2d 577 (Fla. 1st DCA 1992); see also In re Beverly, 342 So.2d 481 (Fla.1977). Thus, Anders is not implicated in this circumstance, and where neither appointed counsel nor the pro se appellant identify any arguable issues, this court is not obligated to conduct an independent review of the record in an effort to identify any such issues.
Having determined that Anders does not apply in appeals from involuntary commitment orders, we hereby adopt the procedure outlined in Ostrum for purposes of processing cases of this nature. That is, where counsel in a civil commitment proceeding conducts a conscientious review of the record and can find no meritorious grounds on which to appeal, it will be sufficient for counsel to move to withdraw on that basis. We will then afford the pro se appellant the opportunity to file a brief, and if appellant fails to do so, the appeal will be dismissed for failure to prosecute. If appellant does file a brief, the case will proceed as any ordinary appeal, subject to our consideration of the propriety of summary affirmance under rule 9.315.
In this case, appellant’s counsel has failed to identify any potentially meritorious issues and appellant herself has already declined the court’s invitation to file a pro se initial brief. Accordingly, we hereby dismiss this appeal.
BARFIELD, C.J., BOOTH and WOLF, JJ., concur.