803 So.2d 877 (2002)
N.S.H., Mother of A.M., A.M. and A.H., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 5D01-1595.
District Court of Appeal of Florida, Fifth District.
January 4, 2002.
*878 Steven Jablon, Kissimmee, for Appellant.
Daniel Lake, Department of Children & Families, Kissimmee, for Appellee.

EN BANC
SHARP, W., J.
In this case, Shawn L. Hungate, appointed counsel for N.S.H. (mother of A.M., A.M. and A.H.), in her appeal challenging the termination of her parental rights as to these three children, filed a motion with this court for leave to withdraw as counsel for her, citing Ostrum v. Department of Health and Rehabilitative Services, 663 So.2d 1359 (Fla. 4th DCA 1995). This court granted his motion because it has adopted the Ostrum procedure for handling such motions in termination of parental right cases. In re J.A., 693 So.2d 723 (Fla. 5th DCA 1997).
A panel of this court thereafter voted to withdraw that order based on Pullen v. State, 802 So.2d 1113 (Fla.2001). Before the order based on Pullen was issued, this court determined en banc that it would continue to follow the Ostrum procedure which permits appointed counsel to withdraw in termination of parental rights cases, in cases they deem frivolous, and *879 without being required to file an Anders[1] type of brief. Thus, the order allowing appellant's counsel to withdraw is still in effect. The Appellant was given more than 30 days to file an initial brief if she intended to do so, pursuant to the Ostrum procedure. However, almost three months have passed without such a brief being filed and we can now only assume that the Appellant no longer desires to pursue this appeal. We dismiss.
In Pullen, the Florida Supreme Court held that the Anders procedure for withdrawal of counsel in criminal proceedings should apply to involuntary civil commitments under the Baker Act.[2] In that case, the court appears to have disapproved the Ostrum line of decisions, stating that due process requires representation of indigent defendants by counsel in all cases involving the "curtailment of a fundamental right." The relationship between a parent and child has long been regarded as one involving a fundamental right protected by due process.[3] However, the statements in Pullen regarding termination of parental rights case are dictum, and we are not certain the court intended to place them under an Anders type of procedure.
Accordingly, until further guidance is received from the Florida Supreme Court in termination of parental rights cases, we shall adhere to the Ostrum procedure which requires service of a motion to withdraw on the client, certification in that motion to this court that counsel in good faith has discovered no valid error below, and an opportunity for the client to file a brief on his or her own behalf, or through subsequently retained counsel. However, because we may have misinterpreted the scope of Pullen, we also certify to the Florida Supreme Court the following question:
IN TERMINATION OF PARENTAL RIGHTS CASES, IF AN ATTORNEY APPOINTED TO REPRESENT AN INDIGENT PARENT BELOW IN GOOD FAITH DETERMINES THERE IS NO VALID ISSUE ON APPEAL, SHOULD THAT ATTORNEY BE PERMITTED TO WITHDRAW PURSUANT TO OSTRUM, OR BE REQUIRED TO FILE AN ANDERS TYPE BRIEF.
In addition, since this question is being certified and further appellate review may be undertaken in the Florida Supreme Court, we must modify our order permitting appellate counsel, Shawn Hungate, to withdraw from representing appellant, who is indigent, in this termination of parental rights case. Our order allowing withdrawal is therefore modified to not include representation of appellant in matters dealing with this certified question and review in the Florida Supreme Court.
Sua Sponte DISMISSED.
THOMPSON, CJ., COBB, HARRIS, PETERSON, GRIFFIN, SAWAYA, PLEUS, PALMER, and ORFINGER, R.B., JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] § 394.452, Fla. Stat. (2001), et seq.
[3] Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); In the Interest of R.W., 495 So.2d 133, 134 (Fla.1986); U.S. Const., 5th Amend.; Fla. Const., Art. I, § 9. See also A.Z. v. State, 383 So.2d 934 (Fla. 5th DCA 1980).