851 So.2d 197 (2003)
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellant,
v.
Belinda CARTER and Ben Green, Appellees.
Nos. 5D02-2790, 5D02-2791.
District Court of Appeal of Florida, Fifth District.
June 20, 2003.
Rehearing Denied August 6, 2003.
Charles D. Peters, Orlando, for Appellant.
Sean G. Anderson, Merritt Island, for Appellee Ben Green.
Shari J. Wilson of Shari J. Wilson, P.A., Melbourne, for Appellee Belinda Carter.
*198 MONACO, J.
The Department of Children and Families ("DCF"), appeals an award of attorneys' fees in this dependency action for each of the appellees pursuant to section 57.105, Florida Statutes (2001). We hold that attorneys' fees for the appellees, Belinda Carter and Ben Green, were properly awarded.
Ms. Carter and Mr. Green are the parents of a child who was the subject of a dependency action filed by DCF. We see nothing to be gained in detailing the allegations of the dependency petition, other than to say that DCF admitted in its brief that it did not prove abuse and abandonment at trial, although both were alleged in the verified petition for dependency, and we have concluded that an award of section 57.105 attorneys' fees by the trial court was justified. DCF argues, however, that section 57.105 does not apply to dependency actions, and that the trial court erred in assessing attorneys' fees against it. We disagree.
DCF correctly points out that section 57.105 is designed to discourage "baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities." See Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 505 (Fla.1982). Indeed, section 57.105 specifically references its applicability to "a civil proceeding or action." From this foundation DCF argues that dependency actions are "quasi-criminal" in nature, and that as these proceedings have similarities to criminal trials, section 57.105 should not apply to them. Among the similarities listed by DCF are that dependency cases involve state action, are highly compulsory, and involve some important "liberty interests." DCF argues further that termination of parental rights proceedings also require a showing of clear and convincing evidence, which is a higher burden than the preponderance of evidence standard used in most civil cases. We note, in passing, that the present case is based on a petition for dependency, not one for termination of parental rights, and that the burden of proof in adjudicatory hearings in such cases is a preponderance of evidence. See § 39.507(1)(b), Florida Statutes (2001); M.J.S. v. Florida Dept. of Children and Family Serv., 764 So.2d 825 (Fla. 2d DCA 2000).
More importantly, recent developments in the case law surrounding the appellate handling of parental rights termination cases convince us that dependency proceedings are not criminal in nature. The Supreme Court in N.S.H. v. Florida Dept. of Children and Family Serv., 843 So.2d 898 (Fla.2003), held that Anders procedures do not apply to appeals from termination of parental rights cases. Referring with approval to the case of Ostrum v. Department of Health & Rehabilitative Services, 663 So.2d 1359 (Fla. 4th DCA 1995), the Court said:
Although we do not minimize the significant interests at stake in parental rights termination proceedings, the essential difference between termination proceedings and both criminal proceedings and civil commitment proceedings is that termination proceedings do not involve the risk of loss of physical liberty. Further, there are two interests that must be weighed in a termination proceeding: that of the parent and that of the child. The Fourth District recognized both of these distinguishing factors in Ostrum when it noted that termination of parental rights "cases are not criminal in nature. They are civil proceedings which happen to affect the substantial interests *199 of the parents and children involved." 663 So.2d at 1361.
Dependency proceedings likewise do not involve the risk of loss of physical liberty. Moreover, it seems intuitively clear that proceedings for the termination of parental rights are substantially more intrusive than dependency actions. If terminations are civil, then dependencies are civil, as well. Accordingly, we conclude that section 57.105 applies to dependency proceedings.[1]Cf, Department of Children & Families v. M.G., 838 So.2d 703 (Fla. 5th DCA 2003); Department of Health and Rehab. Services v. Crossdale, 585 So.2d 481 (Fla. 4th DCA 1991).
We have considered the other issues raised by DCF and find them to be without merit.[2]
AFFIRMED.
PETERSON and ORFINGER, JJ., concur.
NOTES
[1] We note, as well, that proceedings under the Jimmy Ryce Act, sections 394.910, et seq., Florida Statutes (2002), for the involuntary commitment of persons found to be sexually violent predators, are deemed to be civil proceedings, rather than criminal proceedings, even though the liberty interests of the respondent are clearly implicated, and even though the burden of proof required for commitment is clear and convincing. See Westerheide v. State, 831 So.2d 93 (Fla.2002).
[2] DCF contended during the oral argument of this appeal that the attorneys representing Ms. Carter and Mr. Green are being double compensated for their services. Apparently, the attorneys for Ms. Carter and Mr. Green provided legal services to them pursuant to an annual contract with Brevard County to represent qualifying persons in dependency actions. Each attorney is paid on an annual basis for these labors. The orders awarding attorney's fees require DCF to make payment under section 57.105 directly to each of the attorneys involved. Brevard County was not involved in the fee assessment process. We are confident that the attorneys for the appellees will bring the fact of the fee awarded to each in this case to the attention of Brevard County so that an appropriate disposition of the funds can be made.