883 So.2d 881 (2004)
DEPARTMENT OF REVENUE, o/b/o Foster Care, et. al., Appellant,
v.
Matthew V. YAMBERT, Appellee.
No. 5D03-1327.
District Court of Appeal of Florida, Fifth District.
October 1, 2004.
Charles J. Crist, Jr., Attorney General, and William H. Branch, Assistant Attorney General, Tallahassee, for Appellant.
Nathan G. Dinitz, Daytona Beach, for Appellee.
PALMER, J.
In these paternity and child support actions, Florida's Department of Revenue (DOR) appeals the final order entered by the trial court awarding appellee, Matthew Yambert, section 57.105 attorney's fees.[1] *882 Concluding that the actions of DOR do not meet the standards set forth in section 57.105, we reverse.
DOR filed a complaint against Yambert seeking to establish his paternity regarding a child born in 1985. The matter proceeded to a hearing before a support enforcement officer who recommended that the matter be dismissed without prejudice because DOR had failed to join the child's mother, who was an indispensable party. The trial court thereafter entered a dismissal order. DOR timely filed a notice of appeal, but later filed a notice voluntarily dismissing its appeal. Three months later, DOR filed a motion to voluntarily dismiss the paternity action without prejudice, and the trial court granted the motion. In response to the voluntary dismissal, Yambert filed a motion seeking an award of section 742.045 attorney's fees.[2]
While that attorney's fee motion was pending, DOR filed an independent action against Yambert alleging a claim for child support. The complaint alleged that Yambert's paternity had already been established (purportedly in a previous, unrelated dependency matter). Yambert filed a motion to dismiss the child support complaint, alleging res judicata and the failure to join the child's mother as an indispensable party. The motion also requested an award of section 57.105 attorney's fees.
The matter proceeded to a hearing on Yambert's motion to dismiss wherein he argued that the first paternity lawsuit (which was still pending before a different judge on Yambert's motion for section 742.045 attorney's fees) was frivolous because it had sought a paternity adjudication when such an adjudication had already been entered in the dependency proceeding. DOR advised that it had only recently discovered that a paternity test had been taken by Yambert during the dependency proceeding and that Yambert had been determined to be the child's father. However, DOR further informed the court that it had not yet obtained a copy of any paternity judgment. At that point, the trial court stated: "I think they may owe some attorney's fees and court costs to somebody under 57.105."
Counsel for Yambert agreed that fees were owing, but counsel for DOR objected on the basis of lack of notice, claiming that no notice had been given that the trial court would be considering the issue of attorney's fee at this hearing. The court found that the record indicated that the dependency action involved the determination of Yambert's paternity, but that DOR proceeded to file two subsequent paternity actions notwithstanding that fact. However, the trial court denied Yambert's motion to dismiss, concluding that the grounds asserted in the motion were not sufficient *883 to justify dismissal. At the same time, the court opined that dismissal of the child support action appeared to be available based on the fact that the issue of Yambert's paternity had already been adjudicated in the dependency matter, but the court stated that issue would have to be addressed at a later time.
The court then addressed Yambert's claims for attorney's fees. The trial court first stated its conclusion that DOR's appeal in the first case from the trial court's order was frivolous, and then advised that it was awarding fees on "everything", finding that DOR's two cases were frivolous. While the court announced its ruling from the bench, no written order was entered at that time.
One month after the hearing, the earlier paternity case was reassigned to the circuit judge who was handling the child support case presumably so that the two cases could travel together. Soon thereafter, Yambert filed a supplemental motion for attorney's fees in the initial paternity action adding a claim for section 57.105 fees. The motion also added a claim for fees incurred in the original appeal.
At the hearing on these motions, counsel for DOR advised the court that he had reviewed the contents of the file in the dependency action and discovered that Yambert had submitted to a paternity test and was determined to be the child's father, but that the trial court had never entered a written paternity adjudication. Counsel argued that DOR's paternity action and child support action were not unsupported claims since no paternity order had ever been entered against the father and, accordingly, an action for child support reimbursement could not be successfully maintained by DOR without establishing paternity. The court rejected this argument and noted on the record its opinion that the dismissal order which DOR appealed appeared to have been a non-final, non-appealable order and, therefore, the appeal was frivolous. The court then found that attorney's fee awards were warranted under section 57.105 and entered awards accordingly. This appeal timely followed.
Section 57.105 authorizes an award of attorney's fees in situations where it is established that the plaintiff or its counsel knew or should have known that its claim against the defendant "was not supported by material facts," or "would not be supported by the application of then existing law to those material facts." Our court reviews an order awarding section 57.105 attorney's fees and costs for an abuse of discretion. Gahn v. Holiday Property Bond, Ltd., 826 So.2d 423 (Fla. 2d DCA 2002).
Here, the trial court actually entered three section 57.105(1) attorney's fee awards. The first two awards pertained to fees incurred by Yambert in defending against DOR's paternity action and request for a child support order. The trial court essentially concluded that DOR's efforts in those two cases to obtain adjudications of paternity and child support constituted attempts to create a meritless controversy, basing its ruling on the fact that it appeared that the issue of Yambert's paternity had already been established during the course of a previous unrelated dependency proceeding. DOR argues that the trial court abused its discretion by awarding Yambert such fees because the evidence of record was insufficient to support such an award. We agree.
To that end, while the instant record contains information indicating that Yambert is the child's biological father (i.e., statements of counsel made during the course of the hearings below regarding *884 previous DNA testing), the record fails to demonstrate that any paternity (or child support) order has ever been entered against Yambert with regard to the child at issue. During the hearings below the parties cited to the voluminous record in the dependency matter; however, no one was able to locate a written order adjudicating Yambert's paternity. As such, it was improper for the trial court to conclude that DOR had the ability, but failed, to obtain conclusive evidence of Yambert's paternity sufficient to avoid the necessity of prosecuting a formal paternity suit. Moreover, even assuming for the sake of argument that the issue of Yambert's paternity had already been established in the dependency case, it cannot be said that DOR acted improperly in filing the two lawsuits against Yambert in an attempt to obtain a child support order since such an obligation had never been litigated or imposed. Stated another way, DOR's attempt to prosecute a case against Yambert seeking to recover child support reimbursement cannot be found to have been "not supported by material facts" in light of the information indicating that Yambert is in fact the child's biological father. As such, the trial court's award of section 57.105 fees was not warranted. Compare Dep't of Children & Family Services v. Carter, 851 So.2d 197 (Fla. 5th DCA 2003)(holding parents who prevailed in a dependency action brought by DCF were entitled to attorney fees under statute which provided for award of fees as a sanction for baseless claims in a civil action); Dep't of Revenue v. Smatt, 679 So.2d 1191 (Fla. 5th DCA 1996)(holding that DOR's action in filing second paternity complaint was frivolous where DOR knew scientifically that it was impossible for defendant to be the child's father).
As for the trial court's third fee award, that award pertained to the fees incurred by Yambert in defending against the appeal filed by DOR in the paternity action. Although not argued by the parties, this award must be stricken by this court on the basis that the trial court lacked jurisdiction to enter an award of appellate fees. See Zweibach v. Richard Gordimer, C.P.A, 29 Fla. L. Weekly D1813, 2004 WL 1778249, ___ So.2d ___ (Fla. 2d DCA Aug.11, 2004)(explaining that it is improper for the trial court to award appellate attorney fees when the appellate court has not authorized such an award). See also Mulato v. Mulato, 734 So.2d 477 (Fla. 4th DCA 1999).[3]
REVERSED.
SAWAYA, C.J., and PLEUS, J., concur.
NOTES
[1] Section 57.105 of the Florida Statutes (2001) authorizes the award of attorney's fees as a sanction for raising unsupported claims:

57.105. Attorney's fee; sanctions for raising unsupported claims or defenses; service of motions; damages for delay of litigation
(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
However, the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts. If the court awards attorney's fees to a claimant pursuant to this subsection, the court shall also award prejudgment interest.
[2] Section 742.045 of the Florida Statutes (2001) authorizes the award of attorney's fees in paternity actions as follows:

742.045. Attorney's fees, suit money, and costs
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings.
* * *
The Department of Revenue shall not be considered a party for purposes of this section; however, fees may be assessed against the department pursuant to s. 57.105(1).
(Emphasis added).
[3] DOR also argues that the instant attorney's fee award should be reversed because Yambert failed to comply with the procedural requirements set forth in the statute. More specifically, DOR cites to the statutory language which requires the moving party to file its motion with the trial court within 21 days after service of the motion. This argument was never raised to the trial court, and therefore, it has been waived for purposes of appellate review. See Kozich v. Hartford Ins. Co. of Midwest, 609 So.2d 147 (Fla. 4th DCA 1992)(explaining that argument not specifically made before trial court could not be raised on appeal). Furthermore, the language of the statute specifically authorizes the trial court to award section 57.105(1) fees on its own "initiative"; therefore, the trial court did not abuse its discretion in overlooking Yambert's purported procedural error.