PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Rules of Judicial Administration, the Florida Rules of Juvenile Procedure, and the Florida Rules of Appellate Procedure.[1] The proposed amendments implement recommendations of the Commission on District Court of Appeal Performance and Accountability (Commission) concerning its study of delay in dependency and termination of parental rights appeals.
BACKGROUND
In June 2007, the Commission submitted to this Court its Supplemental Report and Recommendations Regarding the Study of Delay in Dependency/Parental Termination Appeals (Supplemental Report). The Supplemental Report contained a number of recommendations and discussion of the changes needed to reduce delay, with a proposed 195-day timeline for processing these appeals from rendition of a final judgment to rendition of an opinion on appeal. The Commission identified two areas in which improvements would be essential to the success of the proposed timeline: reduction in the time for appointment of appellate counsel and reduction in the time for securing the transcript of proceedings. To achieve these improvements, the Commission made the following recommendations: (1) require that an adjudication of dependency or final judgment of termination of parental rights set forth all of the specific days on which the hearing occurred; (2) provide that a parent’s indigent status shall be presumed to continue for purposes of appeal unless revoked by the trial court; (3) require that a motion for appointment of appellate counsel and authorization of payment of transcription costs be filed with the notice of appeal and that the trial judge be served with a copy of the notice of appeal and motion for appointment of appellate counsel; (4) require that directions to the clerk and designations to the court reporter be filed with the notice of appeal and that the designations be served on the court reporter; (5) require that the designation to the reporter include the name of the court reporter and provide twenty days for transcription; (6) require that transcription of hearings for appeals of dependency and parental termination orders be given priority over transcription of all other proceedings; (7) require the clerk of the court to complete and file the record on appeal within five days after receiving the transcript on appeal and serve copies of the record on the parties; (8) require that the initial brief be filed within twenty days of service of the record on appeal, the answer brief within twenty days of service of the initial brief, and the reply brief within ten days of service of the answer brief; (9) provide that motions for extension of time be granted only for good cause shown and only for the necessary amount of time; (10) require that a request for oral argument be served with the party’s first brief; (11) permit fifteen days to file a motion for rehearing and require no response unless ordered by the court; and (12) eliminate the additional time for issuance of mandate after the denial of rehearing. The Commission also recommended that the juvenile rules cross-reference the appellate rule applicable to dependency and termination of parental rights appeals so that trial attorneys are aware of the specific requirements in filing these appeals, that the judicial administration rules be amend *49 ed to set forth a sixty-day time standard for decisions by the district courts of appeal in dependency and parental termination eases, and that appellate courts be required to follow the procedure set forth in N.S.H. v. Florida Dep’t of Children and Family Serv’s, 843 So.2d 898 (Fla.2003), when allowing appellate counsel to withdraw.[2]
By letter dated October 9, 2007, former Chief Justice Lewis referred the Commission’s recommendations, along with a set of draft rule amendments, to the Appellate Court Rules Committee, the Juvenile Court Rules Committee, and the Rules of Judicial Administration Committee. The rules committees were asked to work together to analyze the draft amendments and Commission recommendations, and to propose any amendments to the rules or forms deemed necessary to implement the Commission’s recommendations.
On July 15, 2008, the rules committees filed a joint report proposing amendments based on the Court’s suggested draft amendments and the Commission’s recommendations. The committees’ proposals were in accord with the Commission’s recommendations, with one exception. In addition to proposed rule amendments implementing the Commission’s recommendations, the committees also proposed an amendment to Florida Rule of Appellate Procedure 9.146 to list specific types of appealable final and nonfinal orders in dependency and termination of parental rights cases.[3] Although such an approach was disfavored by the Commission, the stated purpose of this amendment was to promote consistency and lessen confusion in the handling of dependency and parental termination cases in the district courts, thus serving the objectives of expediting the disposition of these cases.
The proposed amendments were published for comment in The Florida Bar News. Comments were filed by the Legal Aid Society of Palm Beach County, Inc. (Legal Aid), the Statewide Guardian Ad Litem Program (GAL), and the Florida Department of Children and Families (DCF). The Commission and the rules committees filed responses to the comments.
AMENDMENTS
Upon consideration of the Commission’s Supplemental Report, the rules committees’ joint report, the comments filed with regard to the proposed amendments and the responses thereto, and the presentations of the parties at oral argument, which was heard in this matter on Tuesday, May 5, 2009, we amend the Florida Rules of Judicial Administration, the Florida Rules of Juvenile Procedure, and the Florida Rules of Appellate Procedure as explained below.
Florida Rules of Judicial Administration
First, consistent with the Commission’s recommendation and the rules committees’ proposal, Rule of Judicial Administration 2.250(a)(2) is amended to state that a district court of appeal should render a deci *50 sion in juvenile dependency and termination of parental rights cases within sixty, rather than the standard one hundred eighty, days of oral argument or submission of the case to the court panel for a decision without oral argument. We agree with the Commission that “[providing a limited time standard for preparation of a decision provides a policy statement that the expedition of these cases is important to the judiciary of the state.”
Additionally, Rule of Judicial Administration 2.585(i) is amended to require that transcription of hearings for appeals of dependency and termination of parental rights orders be given priority over transcription of other proceedings unless the court orders otherwise. In response to the Commission’s recommendation in this regard, the Rules of Judicial Administration Committee proposed an amendment providing that transcripts in dependency and termination of parental rights cases “should, to the extent possible,” be given priority. However, given the importance the Commission placed on this feature of its overall recommendations, we conclude that requiring priority for such transcripts, unless otherwise ordered by a court, is the appropriate measure.
Florida Rules of Juvenile Procedure[4]
New Rule of Juvenile Procedure 8.276, Appeal Proceedings, is adopted, stating that appeals in dependency and termination of parental rights cases are governed by Rule of Appellate Procedure 9.146. This amendment was proposed by the rules committees in response to the Commission’s recommendation that the juvenile rules cross-reference the applicable appellate rule so that trial attorneys and parties are aware of the requirements in filing appeals in these cases.
Next, Rule of Juvenile Procedure 8.525, Adjudicatory Hearings, form 8.983, Adjudication Order and Judgment of Involuntary Termination of Parental Rights, and form 8.984, Judgment of Voluntary Termination of Parental Rights, are amended in response to the Commission’s recommendation that an adjudication of dependency or a final judgment of termination of parental rights should set forth all of the specific days on which the hearing occurred. A sentence is added to subdivision 8.525(i)(l), Terminating Parental Rights, providing that the court must include the dates of the adjudicatory hearing in an order terminating parental rights. Similarly, forms 8.983 and 8.984[5] are amended to require that all dates of the adjudicatory hearing be provided in the order.
Florida Rules of Appellate Procedure
In response to the Commission’s recommendations with regard to specific procedures for appeals in dependency and *51 termination of parental rights cases, the committees proposed and we adopt several amendments to Rule of Appellate Procedure 9.146, Appeal Proceedings in Juvenile Dependency and Termination of Parental Rights Cases and Cases Involving Families and Children in Need of Services. Most importantly, new subdivision (g), Special Procedures and Time Limitations Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings, is added setting forth new procedures intended to expedite appeals of final orders in dependency and termination of parental rights cases. The new procedures implement the Commission’s recommendations with regard to motions for appointment of appellate counsel, preparation of transcripts and the record on appeal, times for filing and service of briefs, requests for oral argument, motions to withdraw by appellate counsel, motions for rehearing, and issuance of mandate.[6]
Due to the many concerns raised by the comments filed in this case, we decline to adopt the proposed amendments that would have created new subdivisions 9.146(c)(1) and (2), setting forth lists of appealable final and nonfinal orders. As noted, this approach, at least with regard to a listing of appealable nonfinal orders, was expressly disfavored by the Commission, and we conclude that at this point, preservation of the status quo is the preferable resolution. Similarly, due to concerns raised in the comments, we also decline to adopt the proposed amendments to the stay provisions in rule 9.146.
Finally, rule 9.430, Proceedings by Indigents, is amended to add new subdivision (d), providing that an appellate court may, in its discretion, presume that a party in juvenile dependency and termination of parental rights cases who has been declared indigent in the lower court remains indigent for purposes of appeal. This amendment was proposed in response to the Commission’s recommendation that in order to expedite appointment of appellate counsel and obtaining the transcript on appeal, a parent’s indigent status be presumed to continue for purposes of appeal unless revoked by the trial court.
CONCLUSION
Accordingly, the Florida Rules of Judicial Administration, the Florida Rules of Juvenile Procedure, and the Florida Rules of Appellate Procedure are hereby amended as set forth in the appendix to this opinion. New language is underscored; deleted language is struck through. Committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately.
We thank the Commission, the rules committees, and the interested parties filing comments in this case for their hard work and valuable input in this very important area.
It is so ordered.
QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., concurs with an opinion, in which CANADY, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 2(a), Fla. Const.

. In N.S.H., the Court held:
[WJhere appellate counsel seeks leave to withdraw from representation of an indigent parent in a termination of parental rights case, the motion to withdraw shall be served on the client and contain a certification that after a conscientious review of the record the attorney has determined in good faith that there are no meritorious grounds on which to base an appeal. The parent shall then be provided the opportunity to file a brief on his or her own behalf.
N.S.H., 843 So.2d at 904.

. The Juvenile Court Rules Committee did not concur with the proposal to amend rule 9.146 to list types of appealable nonfinal orders.

. In addition to amendments based on the Commission’s recommendations, the Juvenile Court Rules Committee also proposed several other amendments to the Rules of Juvenile Procedure. The committee proposed amending rule 8.330, Adjudicatory Hearings, to clarify dismissals in dependency proceedings and proposed new rule 8.332, Order Finding Dependency, to govern orders finding dependency and create a procedure for the court when withholding adjudication in a dependency case, as allowed by section 39.507(5), Florida Statutes (2008). We adopt new rule 8.332 as proposed by the Committee, and we adopt the amendments to rule 8.330 with minor modifications.

. Form 8.984 is also amended to conform with amendments made to form 8.983 in 2006. See In re Amendments to the Florida Rules of Juvenile Procedure, 939 So.2d 74, 89 (Fla.2006). Changes include a check-off list of those present for the hearing, breaking the finding on execution of voluntary surrenders into separate paragraphs for the mother and father, and adding each specific finding that the court is required to make under section 39.810(1)-(11), Florida Statutes (2008). A style correction is also made.

. As proposed, we also amend subdivision 9.146(a), Applicability, and subdivision 9.146(b), Who May Appeal. Subdivision (a) is reworded and subdivision (b) is amended to delete the term "legal custodian of the child.” Additionally, rule 9.340(b), Extension of Time for Issuance of Mandate, is amended to accommodate the amendment to rule 9.146 requiring the clerk, in dependency and termination of parental rights appeals, to issue mandate as soon as practicable.