GROSS, J.
This case presents this question: As between two agencies funded by state government, which should bear the responsibility for an expert witness fee incurred in a deposition taken in a termination of parental rights proceeding? In the absence of any statutory direction, we hold that the Florida Rules of Juvenile and Civil Procedure apply to make the agency seeking the deposition responsible for payment.
Dr. Philip Colaizzo, the medical director of a Child Protection Team, timely appeals an order denying his motion to compel the Office of Criminal Conflict and Civil Regional Counsel (“ORC”) to pay him an expert witness fee for a deposition, under the ORC’s subpoena, in a Chapter 39 pro *196 ceeding. The Department of Children and Families initiated termination of parental rights proceedings against a mother. The ORC represented the indigent mother. The proceedings resolved before reaching a final hearing. Colaizzo moved to compel the ORC to pay him the fee. The trial court held an evidentiary hearing on the motion.
The evidence at the hearing established that Colaizzo was a board-certified pediatrician in private practice. He served as the medical director for the Child Protection Team, an independent, non-profit organization investigating allegations of child abuse, funded primarily by the state, and operating under the Florida Department of Health. See § 39.303, Fla. Stat. (2008) (authorizing the creation of child protection teams). Colaizzo entered into a contract with the Department formalizing his duties as the Team’s medical director. Co-laizzo oversaw all of the Team’s contracts, its budget, and its compliance with both internal and Department policies. He also trained physicians, nurses, and others in the community. Colaizzo did not see patients as the medical director, which was a purely administrative role. The state compensated Colaizzo for his work as medical director.[1]
In addition to being the Team’s medical director, Colaizzo also functioned as an independent contractor who provided different services for the Team. In his capacity as an independent contractor under the personal services contract, Colaizzo performed medical examinations, worked with the Direct Response Team, wrote consultations, and gave lectures. The Team paid Colaizzo separately for this work. This arrangement was effected by a separate personal services contract between Colaiz-zo’s practice and the Team. One such contract was offered in evidence.
An attachment to the personal services contract set out Colaizzo’s responsibilities and duties. The first listed responsibility was to “provide consultations and medical evaluations for children alleged to be abused/neglected.” The last listed responsibility was to be “responsible for providing depositions and expert court testimony when appropriate.”
With regard to the instant dependency proceeding, Colaizzo conducted an examination of one of the mother’s children and rendered an expert opinion. Colaizzo testified that his examination of the child was not in his capacity as medical director; rather, it was in his capacity as an independent contractor. Following the examination, the Foster Children’s Project, the attorney ad litem for one of the children, filed a witness list in which it named Co-laizzo as an expert witness.
The ORC subpoenaed Colaizzo to appear at an expert witness deposition. Colaizzo appeared and testified at the deposition. The doctor sent a bill for the deposition to ORC, because it was the entity that subpoenaed him. For this deposition, Colaiz-zo charged $200 per hour for a total of $650. ORC refused to pay Colaizzo, but acknowledged at the hearing that $650 was a reasonable fee.
Colaizzo was not paid by the Team for his appearance at the deposition. Alison Hitchcock, the executive director of the Team, corroborated that the Team would not pay Colaizzo for the deposition and expert testimony given at the behest of the ORC. Hitchcock sent the ORC a bill for $650 on Colaizzo’s behalf.
*197 The trial court denied Colaizzo’s motion to compel payment after the hearing.
Section 89.0133, Florida Statutes (2008), controls witness fees in Chapter 39 proceedings. It provides: “In all proceedings under this chapter, no court fees shall be charged against, and no witness fees shall be allowed to, any party to a petition or any parent or legal custodian or child named in a summons. Other witnesses shall be paid the witness fees fixed by law.” (Emphasis added).
The reference to “fixed by law” in section 39.0133 compels a search of other statutes, but none answer the question of how this expense should be allocated. First, it is important to note that “termination of parental rights ‘cases are not criminal in nature. They are civil proceedings which happen to affect the substantial interests of the parents and children involved.’ ” N.S.H. v. Fla. Dep’t of Children & Family Serv., 843 So.2d 898, 902 (Fla.2003) (quoting Ostrum v. Dep’t of Health & Rehab. Servs., 663 So.2d 1359, 1361 (Fla. 4th DCA 1995)). Section 92.231(2), Florida Statutes (2008), provides that an expert witness who has “testified in any cause shall be allowed a witness fee” that “shall be taxed as costs.” Here, the case was resolved before trial, so there was no “prevailing party” entitled to tax costs. It is doubtful that the expert witness fee could be taxed as a cost where the witness did not testify at trial and his deposition was not used at a trial. See Family Dollar Stores of Fla., Inc. v. Jones, 867 So.2d 1278 (Fla. 4th DCA 2004). Colaizzo does not seek recovery under section 92.142, Florida Statutes (2008), a statute that would entitle him to $5 per day and 6 cents per mile. We have been able to find no other statute, and the parties have not cited to any, which would address the allocation of costs presented in this case.
In the absence of a statute directed at the issue of payment, we look to rules of procedure for an answer. Colaizzo contends he was entitled to fees as an expert witness under Florida Rule of Procedure 1.390(c). That rule provides, in relevant part:
An expert or skilled witness whose deposition is taken shall be allowed a witness fee in such reasonable amount as the court may determine. The court shall also determine a reasonable time within which payment must be made, if the deponent and party cannot agree.... Any reasonable fee paid to an expert or skilled witness may be taxed as costs.
Fla. R. Civ. P. 1.390(c).
Florida Rule of Juvenile Procedure 8.245(g)(2)(D) brings Rule 1.390(c) into the juvenile procedure rules. Contained in Part II of the Rules, involving dependencies and termination of parental rights, rule 8.245(g)(2)(D) reads:
Except as otherwise provided by this rule, the procedure for taking the deposition, including the scope of the examination and obtaining protective orders, shall be the same as that provided by the Florida Rules of Civil Procedure.
The ORC argues that Rule 1.390(c) does not apply to Chapter 39 proceedings because it concerns entitlement to fees, not “procedure” within the meaning of Rule 8.245(g)(2)(D). This reading of the juvenile rule is too narrow; the rules of civil procedure address the cost of an expert deposition as an element of procedure, since money is the fuel that allows the deposition to occur. The question of who is financially responsible for an expert’s deposition is a question of civil procedure. Thus, Rule 1.280(b)(4)(A)(ii) permits an expert to “be deposed in accordance with rule 1.390.” Specifically addressing the issue of payment, Rule 1.280(b)(4)(C) provides:
Unless manifest injustice would result, the court shall require that the party *198 seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivision[ ] (b)(4)(A) ... of this rule [permitting depositions].
The procedure for determining payment is contained in Rule 1.390(c).
The ORC points to section 39.303(l)(e), Florida Statutes (2008), which provides that one of the services that a child protection team “shall be capable of providing” includes “[e]xpert medical, psychological, and related professional testimony in court cases.” However, to describe the scope of an obligation is not to delineate the financial responsibility for the obligation in all situations.
Under the rules of procedure, the ORC is responsible for the expert witness fee. We therefore reverse and remand the case to the circuit court to hold a hearing under Rule 1.390(c).
CIKLIN and LEVINE, JJ., concur.

. Because it was not raised below, we do not reach the issue of whether this executive director of a child protection team was at all times an "employee of the state” within the meaning of § 92.142(2), Florida Statutes (2008), which would place limitations on his ability to obtain a witness fee if his testimony at the discovery deposition amounted to an appearance "as an official witness” under that section.