24 So.3d 47 (2009)
In re AMENDMENTS TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION, THE FLORIDA RULES OF JUVENILE PROCEDURE, AND THE FLORIDA RULES OF APPELLATE PROCEDUREIMPLEMENTATION OF THE COMMISSION ON DISTRICT COURT OF APPEAL PERFORMANCE AND ACCOUNTABILITY RECOMMENDATIONS.
No. SC08-1724.
Supreme Court of Florida.
November 12, 2009.
John G. Crabtree, Chair, Appellate Court Rules Committee, Jacksonville, FL, John S. Mills, Past Chair, Jacksonville, FL, and David K. Miller of Broad and Cassel, Tallahassee, FL; Charles H. Davis, Chair, Juvenile Court Rules Committee, Jacksonville, FL, and David Neal Silverstein, Past Chair, Tampa, FL; Judge Lisa Davidson, Chair, Judicial Administration Committee, Eighteenth Judicial Circuit, Viera, Florida, Scott M. Dimond, Past Chair, Miami, FL, and Katherine E. Giddings of Akerman Senterfitt, Tallahassee, FL; John F. Harkness, Jr., Executive Director, The Florida Bar, for Petitioner.
Anthony C. Musto, Special Counsel, Hallandale Beach, FL and Jeffrey Dana Gillen, Statewide Appeals Director, West Palm Beach, FL on behalf of Florida Department of Children and Families; John Walsh and William W. Booth, Legal Aid Society of Palm Beach County, Inc., West Palm Beach, FL; Thomas Wade Young, Winter Park, FL, and Richard C. Komando, Jacksonville, FL, on behalf of Guardian ad Litem Program; Judge William A. Van Nortwick, Chair, Commission on District *48 Court of Appeal Performance and Accountability, First District Court of Appeal, Tallahassee, FL, Responding with Comments.
PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Rules of Judicial Administration, the Florida Rules of Juvenile Procedure, and the Florida Rules of Appellate Procedure.[1] The proposed amendments implement recommendations of the Commission on District Court of Appeal Performance and Accountability (Commission) concerning its study of delay in dependency and termination of parental rights appeals.

BACKGROUND
In June 2007, the Commission submitted to this Court its Supplemental Report and Recommendations Regarding the Study of Delay in Dependency/Parental Termination Appeals (Supplemental Report). The Supplemental Report contained a number of recommendations and discussion of the changes needed to reduce delay, with a proposed 195-day timeline for processing these appeals from rendition of a final judgment to rendition of an opinion on appeal. The Commission identified two areas in which improvements would be essential to the success of the proposed timeline: reduction in the time for appointment of appellate counsel and reduction in the time for securing the transcript of proceedings. To achieve these improvements, the Commission made the following recommendations: (1) require that an adjudication of dependency or final judgment of termination of parental rights set forth all of the specific days on which the hearing occurred; (2) provide that a parent's indigent status shall be presumed to continue for purposes of appeal unless revoked by the trial court; (3) require that a motion for appointment of appellate counsel and authorization of payment of transcription costs be filed with the notice of appeal and that the trial judge be served with a copy of the notice of appeal and motion for appointment of appellate counsel; (4) require that directions to the clerk and designations to the court reporter be filed with the notice of appeal and that the designations be served on the court reporter; (5) require that the designation to the reporter include the name of the court reporter and provide twenty days for transcription; (6) require that transcription of hearings for appeals of dependency and parental termination orders be given priority over transcription of all other proceedings; (7) require the clerk of the court to complete and file the record on appeal within five days after receiving the transcript on appeal and serve copies of the record on the parties; (8) require that the initial brief be filed within twenty days of service of the record on appeal, the answer brief within twenty days of service of the initial brief, and the reply brief within ten days of service of the answer brief; (9) provide that motions for extension of time be granted only for good cause shown and only for the necessary amount of time; (10) require that a request for oral argument be served with the party's first brief; (11) permit fifteen days to file a motion for rehearing and require no response unless ordered by the court; and (12) eliminate the additional time for issuance of mandate after the denial of rehearing. The Commission also recommended that the juvenile rules cross-reference the appellate rule applicable to dependency and termination of parental rights appeals so that trial attorneys are aware of the specific requirements in filing these appeals, that the judicial administration rules be amended *49 to set forth a sixty-day time standard for decisions by the district courts of appeal in dependency and parental termination cases, and that appellate courts be required to follow the procedure set forth in N.S.H. v. Florida Dep't of Children and Family Serv's, 843 So.2d 898 (Fla.2003), when allowing appellate counsel to withdraw.[2]
By letter dated October 9, 2007, former Chief Justice Lewis referred the Commission's recommendations, along with a set of draft rule amendments, to the Appellate Court Rules Committee, the Juvenile Court Rules Committee, and the Rules of Judicial Administration Committee. The rules committees were asked to work together to analyze the draft amendments and Commission recommendations, and to propose any amendments to the rules or forms deemed necessary to implement the Commission's recommendations.
On July 15, 2008, the rules committees filed a joint report proposing amendments based on the Court's suggested draft amendments and the Commission's recommendations. The committees' proposals were in accord with the Commission's recommendations, with one exception. In addition to proposed rule amendments implementing the Commission's recommendations, the committees also proposed an amendment to Florida Rule of Appellate Procedure 9.146 to list specific types of appealable final and nonfinal orders in dependency and termination of parental rights cases.[3] Although such an approach was disfavored by the Commission, the stated purpose of this amendment was to promote consistency and lessen confusion in the handling of dependency and parental termination cases in the district courts, thus serving the objectives of expediting the disposition of these cases.
The proposed amendments were published for comment in The Florida Bar News. Comments were filed by the Legal Aid Society of Palm Beach County, Inc. (Legal Aid), the Statewide Guardian Ad Litem Program (GAL), and the Florida Department of Children and Families (DCF). The Commission and the rules committees filed responses to the comments.

AMENDMENTS
Upon consideration of the Commission's Supplemental Report, the rules committees' joint report, the comments filed with regard to the proposed amendments and the responses thereto, and the presentations of the parties at oral argument, which was heard in this matter on Tuesday, May 5, 2009, we amend the Florida Rules of Judicial Administration, the Florida Rules of Juvenile Procedure, and the Florida Rules of Appellate Procedure as explained below.

Florida Rules of Judicial Administration
First, consistent with the Commission's recommendation and the rules committees' proposal, Rule of Judicial Administration 2.250(a)(2) is amended to state that a district court of appeal should render a decision *50 in juvenile dependency and termination of parental rights cases within sixty, rather than the standard one hundred eighty, days of oral argument or submission of the case to the court panel for a decision without oral argument. We agree with the Commission that "[p]roviding a limited time standard for preparation of a decision provides a policy statement that the expedition of these cases is important to the judiciary of the state."
Additionally, Rule of Judicial Administration 2.535(i) is amended to require that transcription of hearings for appeals of dependency and termination of parental rights orders be given priority over transcription of other proceedings unless the court orders otherwise. In response to the Commission's recommendation in this regard, the Rules of Judicial Administration Committee proposed an amendment providing that transcripts in dependency and termination of parental rights cases "should, to the extent possible," be given priority. However, given the importance the Commission placed on this feature of its overall recommendations, we conclude that requiring priority for such transcripts, unless otherwise ordered by a court, is the appropriate measure.

Florida Rules of Juvenile Procedure[4]
New Rule of Juvenile Procedure 8.276, Appeal Proceedings, is adopted, stating that appeals in dependency and termination of parental rights cases are governed by Rule of Appellate Procedure 9.146. This amendment was proposed by the rules committees in response to the Commission's recommendation that the juvenile rules cross-reference the applicable appellate rule so that trial attorneys and parties are aware of the requirements in filing appeals in these cases.
Next, Rule of Juvenile Procedure 8.525, Adjudicatory Hearings, form 8.983, Adjudication Order and Judgment of Involuntary Termination of Parental Rights, and form 8.984, Judgment of Voluntary Termination of Parental Rights, are amended in response to the Commission's recommendation that an adjudication of dependency or a final judgment of termination of parental rights should set forth all of the specific days on which the hearing occurred. A sentence is added to subdivision 8.525(i)(1), Terminating Parental Rights, providing that the court must include the dates of the adjudicatory hearing in an order terminating parental rights. Similarly, forms 8.983 and 8.984[5] are amended to require that all dates of the adjudicatory hearing be provided in the order.

Florida Rules of Appellate Procedure
In response to the Commission's recommendations with regard to specific procedures for appeals in dependency and *51 termination of parental rights cases, the committees proposed and we adopt several amendments to Rule of Appellate Procedure 9.146, Appeal Proceedings in Juvenile Dependency and Termination of Parental Rights Cases and Cases Involving Families and Children in Need of Services. Most importantly, new subdivision (g), Special Procedures and Time Limitations Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings, is added setting forth new procedures intended to expedite appeals of final orders in dependency and termination of parental rights cases. The new procedures implement the Commission's recommendations with regard to motions for appointment of appellate counsel, preparation of transcripts and the record on appeal, times for filing and service of briefs, requests for oral argument, motions to withdraw by appellate counsel, motions for rehearing, and issuance of mandate.[6]
Due to the many concerns raised by the comments filed in this case, we decline to adopt the proposed amendments that would have created new subdivisions 9.146(c)(1) and (2), setting forth lists of appealable final and nonfinal orders. As noted, this approach, at least with regard to a listing of appealable nonfinal orders, was expressly disfavored by the Commission, and we conclude that at this point, preservation of the status quo is the preferable resolution. Similarly, due to concerns raised in the comments, we also decline to adopt the proposed amendments to the stay provisions in rule 9.146.
Finally, rule 9.430, Proceedings by Indigents, is amended to add new subdivision (d), providing that an appellate court may, in its discretion, presume that a party in juvenile dependency and termination of parental rights cases who has been declared indigent in the lower court remains indigent for purposes of appeal. This amendment was proposed in response to the Commission's recommendation that in order to expedite appointment of appellate counsel and obtaining the transcript on appeal, a parent's indigent status be presumed to continue for purposes of appeal unless revoked by the trial court.

CONCLUSION
Accordingly, the Florida Rules of Judicial Administration, the Florida Rules of Juvenile Procedure, and the Florida Rules of Appellate Procedure are hereby amended as set forth in the appendix to this opinion. New language is underscored; deleted language is struck through. Committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately.
We thank the Commission, the rules committees, and the interested parties filing comments in this case for their hard work and valuable input in this very important area.
It is so ordered.
QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., concurs with an opinion, in which CANADY, LABARGA, and PERRY, JJ., concur.
*52 PARIENTE, J., concurring.
I wholeheartedly concur with the Court's adoption of the recommendations of the Commission on District Court Performance and Accountability to address ongoing issues of unnecessary delay in dependency and termination of parental rights appeals.[7] The Commission's recommendations and this Court's adoption of these amendments are based on the recognition that for every day of delay on appeal, which is added to the length of the prior ongoing court proceedings, the future of the child is in limbo to his or her potential detriment. See, e.g., N.S.H. v. Fla. Dep't of Children & Family Servs., 843 So.2d 898, 903 (Fla.2003) (recognizing that any delay in the disposition of a case concerning the termination of parental rights could result in potential detriment to the child). As the Commission stated:
While courts, Congress, and state legislatures have become more cognizant of the harmful effects of delay in dependency and parental termination trial proceedings on the welfare of children, recently that inspection has included the time delay on appeal. Children are affected by delay in court proceedings far more than are businesses or adults, because their sense of time is different than adults and the need for attachment to promote healthy children is great.
Report of the District Court of Appeal Performance & Accountability Commission on Delay in Child Dependency/Termination of Parental Rights Appeals at 1 (footnote omitted). Without sacrificing the goal of deciding cases correctly, and with due regard for the interests of the parents whose rights are being terminated, those of us on the appellate courts and the Supreme Court must also endeavor to decide these cases in "child time."
Although each district court and this Court have previously had their own procedures in place for expediting child cases, with the adoption of these amendments, we take significant steps in ensuring uniformity statewide and ensuring that cases involving children proceed as promptly as possible while on appeal. However, these rules will work only as long as all concernedthe litigants, the court reporters, and the appellate courtsmake a commitment to track these cases and truly embrace the notion that each day, each week, and each month of delay on appeal is time that the child's future remains uncertain that the child remains in limbo to his or her potential long-lasting detriment.[8]
CANADY, LABARGA, and PERRY, JJ., concur.

APPENDIX

RULE 2.250. TIME STANDARDS FOR TRIAL AND APPELLATE COURTS AND REPORTING REQUIREMENTS
(a) Time Standards. The following time standards are hereby established as a presumptively reasonable time period for the completion of cases in the trial and appellate courts of this state. It is recognized that there are cases that, because of their complexity, present problems that cause reasonable delays. However, most cases should be completed within the following time periods:
*53 (1) [No change]
(2) Supreme Court and District Courts of Appeal Time Standards: Rendering a decisionwithin 180 days of either oral argument or the submission of the case to the court panel for a decision without oral argument, except in juvenile dependency or termination of parental rights cases, in which a decision should be rendered within 60 days of either oral argument or submission of the case to the court panel for a decision without oral argument.
(3) [No change]
(4) [No change]
(b) [No change]

RULE 2.535. COURT REPORTING
(a)-(i) [No change]
(j) Juvenile Dependency and Termination of Parental Rights Cases. Transcription of hearings for appeals of orders in juvenile dependency and termination of parental rights cases shall be given priority, consistent with rule 2.215(g), over transcription of all other proceedings, unless otherwise ordered by the court based upon a demonstrated exigency.

Committee Note

[No change]
RULE 8.276. APPEAL PROCEDURES
Florida Rule of Appellate Procedure 9.146 generally governs appeals in juvenile dependency and termination of parental rights cases.

RULE 8.330. ADJUDICATORY HEARINGS
(a)-(d) [No change]
(e) Motion for Judgment of Dismissal. In all proceedings, if at the close of the evidence for the petitioner the court is of the opinion that the evidence is insufficient to warrant a finding of dependency, it may, and on the motion of any party shall, enter an order dismissing the petition for insufficiency of the evidence or find that allegations in the petition have not been sustained. If the court finds that allegations in the petition have not been sustained but does not dismiss the petition, the parties, including all parents, shall continue to receive pleadings, notices, and documents and to have the right to be heard.
(f) Dismissal. If the court shall find that the allegations in the petition have not been sustained, it shall enter an order dismissing the case for insufficiency of the evidence or find that allegations in the petition have not been sustained. If the court finds that allegations in the petition have not been sustained but does not dismiss the petition, the parties, including all parents, shall continue to receive pleadings, notices, and documents and to have the right to be heard.
(g) Findings and Orders. In all cases in which dependency is established:
(1) The court shall enter a written order stating the legal basis for a finding of dependency, specifying the facts upon which the finding of dependency is based, and stating whether the court made the finding by a preponderance of the evidence or by clear and convincing evidence.
(2) The court shall advise the parents that if the parents fail to substantially comply with the case plan, their parental rights may be terminated.
(3) If the child is in out-of-home placement, the court shall inquire of the parents whether the parents have relatives who might be considered as placement for the child. The parents shall provide to the court and all parties identification and location information for the relatives.

*54 Committee Notes

[No change]

RULE 8.332. ORDER FINDING DEPENDENCY
(a) Finding of Dependency. In all cases in which dependency is established, the court shall enter a written order stating the legal basis for a finding of dependency, specifying the facts upon which the finding of dependency is based, and stating whether the court made the finding by a preponderance of the evidence or by clear and convincing evidence. The court shall include the dates of the adjudicatory hearing, if any, in the order.
(b) Adjudication of Dependency. If the court finds that the child named in the petition is dependent, the court shall enter an order adjudicating the child dependent if the child is placed or will continue to be placed in an out-of-home placement. The court may enter an order adjudicating the child dependent if the child remains in or is returned to the home. The court shall conduct a disposition hearing.
(c) Withhold of Adjudication of Dependency.
(1) If the court finds that the child named in the petition is dependent, but finds that no action other than supervision in the child's home is required, it may enter an order briefly stating the facts on which its finding is based, but withholding an order of adjudication and placing the child in the child's home under the supervision of the department. The department shall file a case plan and the court shall review the case plan pursuant to these rules.
(2) If the court later finds that the parents of the child have not complied with the conditions of supervision imposed, including the case plan, the court may, after a hearing to establish the noncompliance, but without further evidence of the state of dependency, enter an order of adjudication and shall thereafter have full authority under this chapter to provide for the child as adjudicated. If the child is to remain in an out-of-home placement by order of the court, the court must adjudicate the child dependent. If the court adjudicates the child dependent, the court shall then conduct a disposition hearing.
(d) Failure to Substantially Comply. The court shall advise the parents that if the parents fail to substantially comply with the case plan, their parental rights may be terminated.
(e) Inquiry Regarding Relatives for Placement. If the child is in out-of-home placement, the court shall inquire of the parents whether the parents have relatives who might be considered as placement for the child. The parents shall provide to the court and all parties identification and location information for the relatives.

RULE 8.525. ADJUDICATORY HEARINGS
(a)-(h) [No change]
(i) Final Judgment.
(1) Terminating Parental Rights. If the court finds after all of the evidence has been presented that the elements and one of the grounds for termination of parental rights have been established by clear and convincing evidence, the court shall enter a final judgment terminating parental rights and proceed with dispositional alternatives as provided by law. The order must contain the findings of fact and conclusions of law on which the decision was based. The court shall include the dates of the adjudicatory hearing in the order. The parties may stipulate, or the court may order, that parents or relatives of the parent whose rights are terminated be allowed to maintain *55 some contact with the child. If the court orders continued contact, the nature and frequency of this contact must be stated in a written order. The visitation order may be reviewed on motion of any party, including a prospective adoptive parent, and must be reviewed by the court at the time the child is placed for adoption.
(2)-(3) [No change]

FORM 8.983. ADJUDICATION ORDER AND JUDGMENT OF INVOLUNTARY TERMINATION OF PARENTAL RIGHTS

ORDER OF ADJUDICATION AND JUDGMENT OF INVOLUNTARY TERMINATION OF PARENTAL RIGHTS
THIS CAUSE came before this court on.....(all dates of the adjudicatory hearing)..... for an adjudicatory hearing on the Petition for Termination of Parental Rights filed by .....(name)...... Present before the court were:
 .....(Name)....., Petitioner
 .....(Name)....., Attorney for the petitioner
 .....(Name)....., Attorney for the department
 .....(Name)....., Department caseworker
 .....(Name)....., Child
 .....(Name)....., Attorney for Child
 .....(Name)....., Mother
 .....(Name)....., Attorney for mother
 .....(Name)....., Father of
 .....(child).....
 .....(Name)....., Attorney for father
 .....(Name)....., Guardian ad litem
 .....(Name)....., Attorney for guardian
 ad litem
 .....(Name)....., Legal custodian
 .....(Name)....., Attorney for legal custodian
 .....(Name)....., Other
 ...................
The court has carefully considered and weighed the testimony of all witnesses. The court has received and reviewed all exhibits.
COMMENT: Add the following only if necessary.
The petitioner has sought termination of the parental rights of. ... (parent(s)) who is/are subject of petition.........
The court finds that the parent(s),.....(name(s))....., has/have .....(list grounds proved)....., under chapter 39, Florida Statutes. The grounds were proved by clear and convincing evidence. Further, the court finds that termination of parental rights of the parent(s),.....name(s)....., is clearly in the manifest best interests of the child(ren). The findings of fact and conclusions of law supporting this decision are as follows:
1. At all stages of these proceedings the parent(s) was/were advised of his/her/ their right to legal counsel, or was/were in fact represented by counsel.
2. On or about.....(date(s))....., the following occurred: .....(acts which were basis for dependency or TPR, if filed directly)......
3. The mother has .....(grounds for TPR)..... the minor child(ren) within the meaning and intent of section 39.806, Florida Statutes, in that: .....(findings that form the statutory basis for grounds)......
4. The father has .....(grounds for TPR)..... the minor child(ren) within the meaning and intent of section 39.806, Florida Statutes, in that: .....(findings that *56 form the statutory basis for grounds)......
5. The minor child(ren) to whom.....(parent's(s') name(s))..... parental rights are being terminated are at substantial risk of significant harm. Termination of parental rights is the least restrictive means to protect the child(ren) from harm.
6. Under the provisions of sections 39.810(1)-(11), Florida Statutes, it is in the manifest best interests of the child(ren) for parental rights of.....(name(s))..... to be terminated for the reasons below. The court has considered all relevant factors and finds as follows:
(a) Regarding any suitable permanent custody arrangement with a relative of the child, the court finds.....................
(b) Regarding the ability and disposition of the parent or parents to provide the child with food, clothing, medical care, or other remedial care recognized and permitted under state law instead of medical care, and other material needs of the child, the court finds.....................
(c) Regarding the capacity of the parent or parents to care for the child to the extent that the child's safety, well-being, and physical, mental, and emotional health will not be endangered upon the child's return home, the court finds.....................
(d) Regarding the present mental and physical health needs of the child and such future needs of the child to the extent that such future needs can be ascertained based on the present condition of the child, the court finds.....................
(e) Regarding the love, affection, and other emotional ties existing between the child and the child's parent or parents, siblings, and other relatives, and the degree of harm to the child that would arise from the termination of parental rights and duties, the court finds....................
(f) Regarding the likelihood of an older child remaining in long-term foster care upon termination of parental rights, due to emotional or behavioral problems or any special needs of the child, the court finds.....................
(g) Regarding the child's ability to form a significant relationship with a parental substitute and the likelihood that the child will enter into a more stable and permanent family relationship as a result of permanent termination of parental rights and duties, the court finds.....................
(h) Regarding the length of time that the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity, the court finds.....................
(i) Regarding the depth of the relationship existing between the child and present custodian, the court finds.....................
(j) Regarding the reasonable preferences and wishes of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference, the court finds....................
(k) Regarding the recommendations for the child provided by the child's guardian ad litem or the legal representative, the court finds.........................
(l) Regarding other relevant factors including........................., the court finds.........................
*57 COMMENT: Add items 7, 8, and 9 as applicable.
7. Under section 39.811(6)(.....), Florida Statutes, the court terminates the parental rights of only.....(parent whose rights are being terminated)..... as to the minor child(ren), .....(child(ren)'s name(s))...... Specifically, the court finds that ......(specific findings of fact under section 39.811(6), Florida Statutes)......
8. Under sections 39.509(5) and 39.811(7)(a), Florida Statutes, the court finds that continued grandparental visitation is not in the best interests of the child(ren) or that such visitation would interfere with the permanency goals for the child(ren) for the following reasons.....................
9. Under section 39.811(7)(b), Florida Statutes, the court finds that although parental rights are being terminated, the best interests of.....(names of child(ren) to which this provision applies)..... support continued communication or contact by .....(names of parents, siblings, or relatives of the parent whose rights are terminated and to which this provision applies).....except as provided above. The nature and frequency of the communication or contact shall be as follows.........................It may be reviewed on motion of any party or an identified prospective adoptive parent.
THEREFORE, after weighing the credibility of the witnesses, weighing all statutory factors, and based on the findings of fact and conclusions of law above, the court hereby ORDERS AND ADJUDGES THAT:
1. The petition filed by.....(name)..... is granted as to the parent(s),.....(name(s))......
2. The parental rights of the father,.....(name)....., and of the mother,.....(name)....., to the child,.....(name)....., are hereby terminated under section 39.806(.....), Florida Statutes.
COMMENT: Repeat the above for each child and parent, as necessary.
3. Under sections 39.811(2) and (5), Florida Statutes, the child(ren),.....(name(s))....., are placed in the custody of .....(agency)..... for the purpose of subsequent adoption.
4. The 30-day permanency plan required by section 39.811(8), Florida Statutes, shall be filed and heard at.....(time)..... on .....(date)..... in.....(location)......
DONE AND ORDERED on.....(date)....., in .....(city and county)....., Florida.
 ________________________
 Circuit Judge

NOTICE
Under section 39.815, Florida Statutes, any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding who is affected by an order of the court, or the department may appeal to the appropriate District Court of Appeal within the time and in the manner prescribed by the Florida Rules of Appellate Procedure, which is 30 days from the date this order is rendered (filed).
 Copies to: ______________

FORM 8.984. JUDGMENT OF VOLUNTARY TERMINATION OF PARENTAL RIGHTS

ADJUDICATORY ORDER AND FINAL JUDGMENT OF TERMINATION OF PARENTAL RIGHTS AND GUARDIANSHIP
THIS CAUSE came before this court on....(all dates of the adjudicatory hearing) *58 ..... for an adjudicatory hearing on the petition for termination of parental rights filed by .....(name)..... Present before the court were: ..................................
.....(Name)....., Petitioner
.....(Name)....., Attorney for the petitioner
.....(Name)....., Attorney for the department
.....(Name)....., Department/agency
caseworker
.....(Name)....., Child
.....(Name)....., Attorney/Attorney ad
litem for Child
.....(Name)....., Mother
.....(Name)....., Attorney for mother
.....(Name)....., Father of
.....(child).....
.....(Name)....., Attorney for father
.....(Name)....., Guardian ad litem
.....(Name)....., Attorney for guardian
ad litem
.....(Name)....., Legal custodian
.....(Name)....., Attorney for legal custodian
.....(Name)....., Other.....
The mother, .....(name)....., and the father(s), .....(name(s))....., executed voluntary surrenders of their parental rights for the minor child(ren),.....(name(s))....., which are accepted by the court without objection.
____ The mother, .....(name)....., executed a voluntary surrender of her parental rights for the minor child(ren),.....(name(s))....., which is accepted by the court without objection.
COMMENT: Repeat the following as necessary.
____ The father, .....(name)....., executed a voluntary surrender of his parental rights for the minor child(ren),.....(name(s))....., which is accepted by the court without objection.
The court has carefully considered the testimony of witnesses, reviewed the exhibits, reviewed the file, heard argument of counsel, and considered recommendations and arguments of all parties. The court finds by clear and convincing evidence that the parents, .....(names)....., have surrendered their parental rights to the minor child(ren) under section 39.806(1)(a), Florida Statutes, and that termination of parental rights is in the manifest best interest of the child(ren). The specific facts and findings supporting this decision are as follows:
1. That the mother, .....(name).....,.... was ..... was not personally served with the summons and the petition.
COMMENT: Service is not required if surrender was signed before filing of petition.
2. That the father, .....(name).....,.... was ..... was not personally served with the summons and the petition.
COMMENT: Service is not required if surrender was signed before filing of petition.
3. That the parents were advised of their right to counsel in all prior dependency court proceedings which they attended. The mother has been represented by legal counsel, .....(name)....., starting on or about .....(date)...... The father has been represented by legal counsel,.....(name)....., starting on or about .....(date).....
4. The mother, .....(name)....., freely, knowingly, voluntarily, and ..... with ..... without advice of legal counsel executed an affidavit and acknowledgment of surrender, consent, and waiver of notice *59 on .....(date)....., for termination of her parental rights to the minor child(ren), under section 39.806(1)(a), Florida Statutes.
5. The father, .....(name)....., freely, knowingly, voluntarily, and ..... with..... without advice of legal counsel executed an affidavit and acknowledgment of surrender, consent, and waiver of notice on.....(date)....., for termination of herhis parental rights to the minor child(ren), under section 39.806(1)(a), Florida Statutes.
6. That at all times relevant to this action the interests of this/these child(ren) has/have been represented by a guardian ad litem. The guardian ad litem,.....(name)....., ..... agrees ..... does not agree that it is in the best interest of the child(ren) for parental rights to be terminated in this cause.
COMMENT: Guardian ad litem not required in voluntary surrender.
7. Under the provisions of sections 39.810(1)-(11), Florida Statutes, it is in the manifest best interest of the child(ren) for parental rights to be terminated for the following reasons: .....(findings as to each statutory factor).....
(a) Regarding any suitable permanency custody arrangement with a relative of the child, the court finds...................
(b) Regarding the ability and disposition of the parent or parents to provide the child with food, clothing, medical care or other remedial care recognized and permitted under state law instead of medical care, and other materials needs of the child, the court finds.....................
(c) Regarding the capacity of the parent or parents to care for the child to the extent that the child's safety, well-being, and physical, mental, and emotional health will not be endangered upon the child's return home, the court finds......................
(d) Regarding the present mental and physical health needs of the child and such future needs of the child to the extent that such future needs can be ascertained based on the present condition of the child, the court finds....................
(e) Regarding the love, affection, and other emotional ties existing between the child and the child's parent or parents, siblings, and other relatives, and the degree of harm to the child that would arise from the termination of parental rights and duties, the court finds.....................
(f) Regarding the likelihood of an older child remaining in long-term foster care upon termination of parental rights, due to emotional or behavioral problems or any special needs of the child, the court finds....................
(g) Regarding the child's ability to form a significant relationship with a parental substitute and the likelihood that the child will enter into a more stable and permanent family relationship as a result of permanent termination of parental rights and duties, the court finds.....................
(h) Regarding the length of time that the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity, the court finds.....................
(i) Regarding the depth of the relationship existing between the child and present custodian, the court finds.....................
(j) Regarding the reasonable preferences and wishes of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to *60 express a preference, the court finds.....................
(k) Regarding the recommendations for the child provided by the child's guardian ad litem or the legal representative, the court finds.....................
(l) Regarding other relevant factors including...................., the court finds.....................
THEREFORE, it is ORDERED AND ADJUDGED that:
1. The petition for termination of parental rights is GRANTED.
2. The parental rights of the parents,.....(name(s))....., to the child,.....(name)....., are terminated. The parental rights of the father,.....(name)....., and of the mother,.....(name)....., to the child,.....(name)....., are hereby terminated under section 39.806(.....), Florida Statutes.
COMMENT: Repeat the above for each child and parent on petition.
3. The child(ren),.....(name(s))....., is/are hereby placed in the permanent care and custody of .....(agency name)..... for subsequent adoption.
4. A hearing for the department to provide a plan for permanency for the child(ren) shall be held on.....(date)....., within 30 days of rendering of order, at .....(time)......
DONE AND ORDERED on.....(date) ....., in .......... County, Florida.
 _____________________
 Circuit Judge
Copies furnished to:....................

NOTICE
Under section 39.815, Florida Statutes, any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding who is affected by an order of the court, or the department may appeal to the appropriate District Court of Appeal within the time and in the manner prescribed by the Florida Rules of Appellate Procedure, which is 30 days from the date this order is rendered (filed).

RULE 9.146. APPEAL PROCEEDINGS IN JUVENILE DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS CASES AND CASES INVOLVING FAMILIES AND CHILDREN IN NEED OF SERVICES
(a) Applicability. Appeals proceedings in juvenile dependency and termination of parental rights cases and cases involving families and children in need of services shall be as in civil cases except as modified byto the extent those rules are modified by this rule.
(b) Who May Appeal. Any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding affected by an order of the lower tribunal, or the appropriate state agency as provided by law may appeal to the appropriate court within the time and in the manner prescribed by these rules.
(c)-(f) [No change]
(g) Special Procedures and Time Limitations Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings.
(1) Applicability. This subdivision applies only to appeals of final orders to the district courts of appeal.
(2) The Record.
*61 (A) Contents. The record shall be prepared in accordance with rule 9.200, except as modified by this subdivision.
(B) Transcripts of Proceedings. The appellant shall file a designation to the court reporter, including the name(s) of the individual court reporter(s), if applicable, with the notice of appeal. The designation shall be served on the court reporter on the date of filing and shall state that appeal is from a final order of termination of parental rights or of dependency, and that the court reporter shall provide the transcript(s) designated within 20 days of the date of service. Within 20 days of the date of service of the designation, the court reporter shall transcribe and file with the clerk of the lower tribunal the original transcripts and sufficient copies for the Department of Children and Family Services, the guardian ad litem, and all indigent parties. If extraordinary reasons prevent the reporter from preparing the transcript(s) within the 20 days, the reporter shall request an extension of time, shall state the number of additional days requested, and shall state the extraordinary reasons that would justify the extension.
(C) Directions to the Clerk, Duties of the Clerk, Preparation and Transmittal of the Record. The appellant shall file directions to the clerk with the notice of appeal. The clerk shall transmit the record to the court within 5 days of the date the court reporter files the transcript(s) or, if a designation to the court reporter has not been filed, within 5 days of the filing of the notice of appeal. When the record is transmitted to the court, the clerk shall simultaneously serve copies of the record to the Department of Children and Family Services, the guardian ad litem, the indigent parties or counsel appointed to represent indigent parties, and shall simultaneously serve copies of the index to all non-indigent parties, and, upon their request, copies of the record or portions thereof at the cost prescribed by law.
(3) Briefs.
(A) In General. Briefs shall be prepared and filed in accordance with rule 9.210(a)-(e), (g), and (h).
(B) Times for Service. The initial brief shall be served within 20 days of service of the record on appeal or the index to the record on appeal. The answer brief shall be served within 20 days of service of the initial brief. The reply brief, if any, shall be served within 10 days of the service of the answer brief.
(4) Motions.
(A) Motions for Appointment of Appellate Counsel; Authorization of Payment of Transcription Costs. A motion for the appointment of appellate counsel, when authorized by general law, and a motion for authorization of payment of transcription costs, when appropriate, shall be filed with the notice of appeal. The motion and a copy of the notice of appeal shall be served on the presiding judge in the lower tribunal. The presiding judge shall promptly enter an order on the motion.
(B) Motions to Withdraw as Counsel. If appellate counsel seeks leave to withdraw from representation of an indigent parent, the motion to withdraw shall be served on the parent and shall contain a certification that, after a conscientious review of the record, the attorney has determined in good faith that there are no meritorious grounds on which to base an appeal. The parent shall be permitted to file a brief pro se, or through subsequently retained counsel, within 20 days of the issuance of an order granting the motion to withdraw.
*62 (C) Motions for Extensions of Time. An extension of time will be granted only for extraordinary circumstances in which the extension is necessary to preserve the constitutional rights of a party, or in which substantial evidence exists to demonstrate that without the extension the child's best interests will be harmed. The extension will be limited to the number of days necessary to preserve the rights of the party or the best interests of the child. The motion shall state that the appeal is from a final order of termination of parental rights or of dependency, and shall set out the extraordinary circumstances that necessitate an extension, the amount of time requested, and the effect an extension will have on the progress of the case.
(5) Oral Argument. A request for oral argument shall be in a separate document served by a party not later than the time when the first brief of that party is due.
(6) Rehearing; Rehearing En Banc; Clarification; Certification. Motions for rehearing, rehearing en banc, clarification, and certification shall be in accordance with rules 9.330 and 9.331, except that no response to these motions is permitted unless ordered by the court.
(7) The Mandate. The clerk shall issue such mandate or process as may be directed by the court as soon as practicable.
(gh) Expedited Review. The court shall give priority to appeals under this rule.

Committee Notes
1996 Adoption. The reference in subdivision (a) to cases involving families and children in need of services encompasses only those cases in which an order has been entered adjudicating a child or family in need of services under chapter 39, Florida Statutes.
Subdivision (c) requires the parties to use initials in all references to the child and parents in all briefs and other papers filed in the court in furtherance of the appeal. It does not require the deletion of the names of the child and parents from pleadings and other papers transmitted to the court from the lower tribunal.
2006 Amendment. The title to subdivision (b) was changed from "Appeals Permitted" to clarify that this rule addresses who may take an appeal in matters covered by this rule. The amendment is intended to approve the holding in D.K.B. v. Department of Children & Families, 890 So.2d 1288 (Fla. 2d DCA 2005), that non-final orders in these matters may be appealed only if listed in rule 9.130.
2009 Amendment. The rule was substantially amended following the release of the Study of Delay in Dependency/Parental Termination Appeals Supplemental Report and Recommendations (June 2007) by the Commission on District Court of Appeal Performance and Accountability. The amendments are generally intended to facilitate expedited filing and resolution of appellate cases arising from dependency and termination of parental rights proceedings in the lower tribunal. Subdivision (g)(4)(A) authorizes motions requesting appointment of appellate counsel only when a substantive provision of general law provides for appointment of appellate counsel. Section 27.5304(6), Florida Statutes (2008), limits appointment of appellate counsel for indigent parents to appeals from final orders adjudicating or denying dependency or termination of parental rights. In all other instances, section 27.5304(6), Florida Statutes, requires appointed trial counsel to prosecute or defend appellate cases arising from a dependency *63 or parental termination proceeding in the lower tribunal.

RULE 9.340. MANDATE
(a) [No change]
(b) Extension of Time for Issuance of Mandate. Unless otherwise provided by these rules, iIf a timely motion for rehearing, clarification, or certification has been filed, the time for issuance of the mandate or other process shall be extended until 15 days after rendition of the order denying the motion, or, if granted, until 15 days after the cause has been fully determined.
(c) [No change]

Committee Notes

[No change]

RULE 9.430. PROCEEDINGS BY INDIGENTS.
(a)-(c) [No change]
(d) Parties in Juvenile Dependency and Termination of Parental Rights Cases; Presumption. In cases involving dependency or termination of parental rights, an appellate court may, in its discretion, presume that any party who has been declared indigent for purposes of proceedings by the lower tribunal remains indigent, in the absence of evidence to the contrary.

Committee Notes
[No change]
NOTES
[1] We have jurisdiction. See art. V, § 2(a), Fla. Const.
[2] In N.S.H., the Court held:

[W]here appellate counsel seeks leave to withdraw from representation of an indigent parent in a termination of parental rights case, the motion to withdraw shall be served on the client and contain a certification that after a conscientious review of the record the attorney has determined in good faith that there are no meritorious grounds on which to base an appeal. The parent shall then be provided the opportunity to file a brief on his or her own behalf.
N.S.H., 843 So.2d at 904.
[3] The Juvenile Court Rules Committee did not concur with the proposal to amend rule 9.146 to list types of appealable nonfinal orders.
[4] In addition to amendments based on the Commission's recommendations, the Juvenile Court Rules Committee also proposed several other amendments to the Rules of Juvenile Procedure. The committee proposed amending rule 8.330, Adjudicatory Hearings, to clarify dismissals in dependency proceedings and proposed new rule 8.332, Order Finding Dependency, to govern orders finding dependency and create a procedure for the court when withholding adjudication in a dependency case, as allowed by section 39.507(5), Florida Statutes (2008). We adopt new rule 8.332 as proposed by the Committee, and we adopt the amendments to rule 8.330 with minor modifications.
[5] Form 8.984 is also amended to conform with amendments made to form 8.983 in 2006. See In re Amendments to the Florida Rules of Juvenile Procedure, 939 So.2d 74, 89 (Fla.2006). Changes include a check-off list of those present for the hearing, breaking the finding on execution of voluntary surrenders into separate paragraphs for the mother and father, and adding each specific finding that the court is required to make under section 39.810(1)-(11), Florida Statutes (2008). A style correction is also made.
[6] As proposed, we also amend subdivision 9.146(a), Applicability, and subdivision 9.146(b), Who May Appeal. Subdivision (a) is reworded and subdivision (b) is amended to delete the term "legal custodian of the child." Additionally, rule 9.340(b), Extension of Time for Issuance of Mandate, is amended to accommodate the amendment to rule 9.146 requiring the clerk, in dependency and termination of parental rights appeals, to issue mandate as soon as practicable.
[7] I also commend the hard work of everyone involved, including the Commission's initial Chair, Judge Martha Warner, and its present Chair, Judge William Van Nortwick.
[8] For example, one recurring problem is that of delay in obtaining the transcript of the proceedings in the trial court, which clearly is unacceptable. With the adoption of these rules, we take important steps toward solving this problem.